## BOB BATES v. STATE.

No. A-7051. Opinion Filed Feb. 15, 1930.
Rehearing Denied March 18, 1930.
(285 Pac. 847.)

Guy P. Horton, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted in the district

court of Harmon county, on a charge of burglary in the second degree, and his punishment fixed at confinement in the state penitentiary for a term of two years. Motion for new trial was considered and overruled, and the defendant has appealed to this court.

The testimony on behalf of the state shows that on the 19th day of April, 1926, the Waller & Snider store, which was located in Louis, Harmon county, Okla., which was a mercantile partnership, was broken into and a considerable amount of property taken therefrom, and later on the home of the defendant, who was a resident of the state of Texas, a short distance from the Oklahoma line was searched by the officer, and a considerable amount of the property taken from the Waller & Snider store was found in his possession. The sheriff claimed to be operating under a search warrant issued by the court in the state of Texas. The warrant was not produced, and the court permitted the sheriff to testify as to what he found at the defendant's home, in Hardeman county, Tex., across the river from Louis, Okla.

The defendant did not testify, but one other witness shows that the hose and some other things found at his home were purchased by the defendant at another place. Mrs. Waller, the wife of one of the joint owners of the store at Louis, identified several articles that were kept in the store of Waller & Snider for sale.

Several errors are assigned by the defendant as ground for reversal of the case. The first assignment is that the court erred in overruling the motion of the plaintiff in error for a new trial. That the court erred in admitting certain incompetent and irrelevant testimony. Under the second assignment it is urged that the court erred in permitting the sheriff, E. T. Smith, to testify

that he had a search warrant for the premises of the defendant, without the search warrant having been produced in evidence as the testimony discloses that the search warrant was issued in the state of Texas, and that Mrs. Waller was permitted to testify that some of the goods found in the defendant's home were goods that had been taken from the store.

The defendant further insists that it was error for the court to permit testimony as to the fact that at the time they discovered the property taken from the store claimed to have been robbed the sheriff had a search warrant for the premises of the defendant. Upon an examination of the record we find that in the taking of the sheriff's testimony, the following questions were propounded and the following answers given:

"Q. Were you present at the time these goods you see here were recovered? A. Yes, sir.

"Q. Where were these goods recovered at? A. At the home of the defendant, Mr. Bates.

"Q. State the circumstances of the recovery, how you come to discover them?

"Mr. Horton: We object to that as being immaterial. We have no objection to his testimony that he found the goods there, and these are the same goods and all.

"Q. Where did you find these goods? A. At the home of Mr. Bates.

"Q. Where at? A. At his house; part of them in the kitchen or dining room and part in the bed room and a part in the adjoining room."

It is the opinion of this court that when the defendant made no objection to the testimony of the sheriff as to where he found the goods and the identity of the goods, if there was any merit to his objection on the ground of

the state not producing the search warrant, that he waived the same.

The defendant in his argument insists that the court erred in permitting the witness Mrs. Waller to testify as to an invoice showing they had received from Swift & Co. salesman, certain articles alleged to have been taken from the store and found in the home of the defendant.

The testimony of Mrs. Waller, complained of by the defendant, as to the introduction of the invoice from Swift & Company was not admissible. Upon an examination, however, of the record, we hold that it was not prejudicial to the rights of the defendant, for the reason that the oral testimony of Mrs. Waller tends to show that, on the night the store was burglarized, articles of the kind found in the home of the defendant were in the stock at the store of Waller & Snider, therefore, we hold that the admission of the Swift & Comnay invoice as to the articles purchased was immaterial, and its admission did not in any way whatever prejudice the rights of the defendant.

There are other errors assigned by the defendant, but after a careful reading of the record it is the opinion of the court they are not sufficient to warrant a reversal of this case. The testimony is sufficient to sustain the judgment. The court's instructions to the jury substantially stated the law. Finding no errors in the record sufficient to reverse the case, the judgment is affirmed.

CHAPPELL, J., concurs. EDWARDS, P. J., not participating.